IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOIS ULMER<br>3296 Tilton Street<br>Philadelphia PA 19134<br><br>      Plaintiff,<br><br>      v.<br><br>ANAPOL SCHWARTZ<br>1710 Spruce Street<br>Philadelphia PA 19103<br><br>      Defendant. | CIVIL ACTION NO:<br><br>COMPLAINT WITH JURY DEMAND |

## CIVIL ACTION COMPLAINT

Plaintiff Lois Ulmer (hereinafter "Plaintiff"), by and through undersigned counsel, hereby avers as follows against Defendant Anapol Schwartz (hereinafter "Defendant").

## INTRODUCTION

1. This action arises from Defendant's violations of the Family and Medical Leave Act ("FMLA"). Plaintiff asserts that Defendant interfered with her ability to take a leave of absence under the FMLA, and fired her because of her FMLA-protected absences.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because Plaintiff has raised federal claims herein under the FMLA.

3. This Court has personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

4. Pursuant to 28 U.S.C. § 1391, venue is properly laid in this district because Defendant conducts substantial, systematic, and continuous activity in this district and is subject to personal jurisdiction in this district and because all of the acts underlying this lawsuit occurred in this district.

**PARTIES**

5. The foregoing paragraphs are incorporated herein as if set forth in full.

6. Plaintiff is an adult individual and citizen of Pennsylvania with an address as set forth above.

7. Defendant operates a legal practice with offices throughout Pennsylvania and New Jersey, including the address set forth above.

8. At all times relevant herein, Defendant's agents acted at the direction of and/or for the benefit of Defendant in the course and scope of their employment.

**FACTUAL BACKGROUND**

9. The foregoing paragraphs are incorporated herein as if set forth in full.

10. In or around September 2010, Defendant hired Plaintiff as a legal assistant.

11. In or around late March 2013, Plaintiff began to suffer from heart palpitations and light headedness (hereinafter Plaintiff's "Medical Condition").

12. Plaintiff immediately sought medical attention for her Medical Condition.

13. From March 29, 2013 through April 2, 2013, Plaintiff was hospitalized for cardiac care related to her Medical Condition.

14. On the date of her hospitalization, Plaintiff immediately notified Defendant's Office Manager Denise Barbadoro of same, and that same was due to her Medical Condition.

15. Upon her discharge, Plaintiff was advised by her physician that she required an additional one week leave of absence to treat her Medical Condition.

16. Plaintiff immediately notified Barbadoro of her physician's orders that she remain out of work for a period of one week.

17. Thereafter, from March 29, 2013 until in or around mid-April 2013, Plaintiff took a leave of absence from work to treat and recover from her Medical Condition.

18. Defendant designated Plaintiff's absences on the above referenced dates as FMLA-protected.

19. On or about Thursday, May 23, 2013, while at work, Plaintiff learned that her minor daughter was suffering from a neurological condition that required urgent medical attention.

20. Plaintiff notified Officer Manager Barbadoro as well as her supervisor Steve Pokiniewski of her daughter's need for medical attention and her need to leave work early to ensure her daughter received immediate medical attention.

21. Thereafter, Plaintiff took her daughter to the Children's Hospital of Pennsylvania (hereinafter "CHOP") Emergency Room.

22. Plaintiff's daughter hospitalized on Thursday May 23, 2013 where she remained until Friday, May 31, 2013.

23. Plaintiff remained at CHOP throughout her daughters' hospitalization.

24. During the week of her daughter's hospitalization, Plaintiff continued to notify Defendant as to the status of her daughter's Medical Condition and her need for leave from work related to same.

25. During such communications, Plaintiff indicated that she did not know the duration for which her daughter would be hospitalized.

26. Defendant did not provide Plaintiff with the FMLA required individualized notice with regard to her leave from work from beginning on May 23, 2013.

27. Defendant did not designate Plaintiff's absences from May 23, 2013 onward as FMLA-protected.

28. Plaintiff's daughter was discharged from her hospitalization late afternoon of May 31, 2014.

29. The discharge notes required that her daughter seek intensive follow up care related to her Medical Condition.

30. Accordingly, Plaintiff did not communicate with Defendant as to a possible return date, as Plaintiff had yet to determine when her daughter's Medical Condition would improve.

31. Throughout the weekend following her discharge from hospitalization, Plaintiff's daughter's Medical Condition worsened.

32. Specifically, on Sunday June 2, 2014, Plaintiff's daughter began to suffer from complications to an abscess which had developed upon her back, as well as high fever related to same.

33. Accordingly, in the early hours of Monday, June 3, 2013, due to a worsening of her Medical Condition, Plaintiff was required to take her daughter to the CHOP emergency room for immediate medical attention.

34. On the morning of June 3, 2013, Plaintiff received a call from Barbodoro inquiring as to why Plaintiff had not reported to work.

35. Plaintiff explained that her daughter had suffered a worsening of her Medical Condition and that she was again at the CHOP emergency room for medical treatment.

36. Barbodoro replied that Defendant was firing Plaintiff for her failure to call out of work on June 3, 2013.

37. Plaintiff objected to the termination, explaining that her inability to call out was due to her daughter's emergent need for medical attention.

38. Plaintiff requested that Defendant designate her June 3, 2013 leave as FMLA protected.

39. Barbodoro responded that Defendant would not be able to designate her leave as FMLA, and that the decision to terminate her could not be rescinded.

40. At the time of her termination, Plaintiff had cumulatively taken approximately three (3) weeks of absences that Defendant should have designated as FMLA-protected.

41. The reasons Defendant identified for Plaintiff's termination are pretextual.

42. In fact, Defendant fired Plaintiff because she had requested and taken a leave of absence that was FMLA-qualifying and/or to prevent Plaintiff from taking future FMLA leave.

43. As a result of Defendant's unlawful conduct, Plaintiff has suffered damages.

## COUNT I
### Violations of the Family and Medical Leave Act
**(Interference)**

44. The foregoing paragraphs are incorporated herein as if set forth in full.

45. Plaintiff was an eligible employee under the definitional terms of the Family and Medical Leave Act.

46. As of May 23, 2013, Plaintiff was employed with Defendant for at least twelve (12) months.

47. Further, Plaintiff had at least 1,250 hours of service with Defendant during the twelve (12) months prior to the commencement of her request for a medical leave of absence.

48. Defendant is engaged in an industry affecting commerce and employed fifty (50) or more employees for twenty (20) or more calendar workweeks in 2013 or 2012.

49. Plaintiff required time off work because of her daughter's Medical Condition.

50. Plaintiff's daughter's Medical Condition constituted a serious health condition within the meaning of the FMLA.

51. Plaintiff was entitled to receive leave under the FMLA for a total of twelve (12) workweeks of leave and/or intermittent leave, and Defendant was not permitted to interfere with Plaintiff's rights under the FMLA.

52. Defendant interfered with Plaintiff's FMLA rights by failing to provide her with proper notice of her right to take an FMLA-leave related to her daughter's Medical Condition.

53. Defendant interfered with Plaintiff's FMLA rights by failing to provide her with individualized notifications of same.

54. Defendant interfered with Plaintiff's FMLA rights by failing to consider Plaintiff's leave of absences related to her daughter's Medical Condition as job protected leaves of absences under the FMLA.

55. Defendant interfered with Plaintiff's FMLA rights by considering absences which should have been designated as FMLA-protected in making the decision to terminate Plaintiff.

56. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## COUNT II
## Violations of the Family and Medical Leave Act
**(Retaliation)**

57. The foregoing paragraphs are incorporated herein as if set forth in full.

58. Defendant retaliated against Plaintiff by firing her because she requested an FMLA leave of absence.

59. Defendant retaliated against Plaintiff by firing her because of her FMLA-protected leaves of absence.

60. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating against employees or prospective employees based on their need to take FMLA qualifying leaves and/or their health conditions;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost and future lost earnings;

C. Plaintiff is to be awarded liquidated damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal law;

E. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law; and

  F. Plaintiff is to be awarded any and all other equitable and legal relief as the Court deems just, proper, and appropriate.

            Respectfully Submitted,

            *s/Manali Arora*
            Manali Arora, Esq.
            Richard S. Swartz, Esq.
            **SWARTZ SWIDLER, LLC**
            1878 Marlton Pike East, Ste. 10
            Cherry Hill, NJ 08003
            Phone: (856) 685-7420
            Fax: (856) 685-7417

Dated: August 20, 2014